UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE EB 67,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DOE 1, a corporation; DOE 2, a corporation; DOE 3, an entity of unknown form; and DOES 4 to 100, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-09516-SPG-JPR<br><br>**ORDER GRANTING MOTION TO REMAND [ECF NO. 13]** |

Before the Court is the Motion to Remand (ECF No. 13-1 ("Motion")) filed by Plaintiff John Roe EB 67 ("Plaintiff"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

**I.　BACKGROUND**

Plaintiff brought this action in Ventura County Superior Court on August 23, 2024. (ECF No. 1-1 ("Complaint")). The Complaint identifies three Defendants: Doe 1, a Utah corporation; Doe 2, a Utah corporation; and Doe 3, an entity of unknown form with principal place of business in Thousand Oaks, California ("Defendants" or "Doe Defendants"). (*Id.* ¶¶ 5-7).

      Plaintiff alleges that beginning in 1977, when he was a minor, Plaintiff was the victim of sexual assault or abuse perpetrated by an "employee, agent, servant, member, and/or volunteer of Defendants." (*Id.* ¶¶ 13, 15). The Complaint alleges that Defendants knew or had reason to know of the misconduct and failed to take reasonable steps to prevent it. (*Id.* ¶ 14). Plaintiff brings five claims for (1) negligence; (2) negligent supervision of a minor; (3) sexual abuse of a minor; (4) negligent hiring, supervision, and retention of an unfit employee; and (5) negligent failure to warn, train, or educate. (*Id.* at 16-21).

      Defendants removed the action to this Court on November 4, 2024. (ECF No. 1). Plaintiff then filed the instant Motion on December 3, 2024. (Mot.). Defendants timely opposed on January 22, 2025, (ECF No. 22 ("Opposition")), and Plaintiff replied in support of the Motion on January 29, 2025, (ECF No. 29 ("Reply")).

## II. LEGAL STANDARD

      Federal courts are courts of limited jurisdiction, with subject-matter jurisdiction only over matters authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or there is diversity jurisdiction under 28 U.S.C. § 1332. Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

      A defendant may remove an action to federal court based on diversity jurisdiction "provided that no defendant 'is a citizen of the State in which such action is brought.'" *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (quoting 28 U.S.C. § 1441(b)); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) ("the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." (citation omitted)). An individual is a citizen of the state where he or she is domiciled, meaning the state where

the individual resides and intends to remain or to which the individual intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

The removal statute is strictly construed against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566). Courts resolve any doubt about the right of removal in favor of remand. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

## III. DISCUSSION

Plaintiff argues that remand is appropriate because the Complaint includes allegations against Doe 3, "an unincorporated association with its principal place of business in Thousand Oaks, California," thereby destroying complete diversity. (Mot. at 6). In opposition, Defendants argue that Doe 3 is merely a subpart of Doe 1 and therefore cannot serve as an "independent entity for jurisdictional purposes." (Opp. at 11 (quoting *Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994))).

At this stage, however, the Court need not reach the question of whether Doe 3 is an entity capable of being sued. This is because under 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names *shall be disregarded*." (Emphasis added). Disregarding the citizenship of the Doe Defendants here means that this case is a dispute between Plaintiff, a citizen of some state,[1] and several Defendants, citizens of no state. Such a controversy does not fall into any of the jurisdictional categories listed in 28 U.S.C. § 1332(a). Thus, there can be no diversity

---

[1] Plaintiff disputes whether Defendants have adequately established that he is a citizen of California. *See* (Mot. at 25). The Court need not resolve this dispute at the current time.

jurisdiction. *See Geppert v. Doe*, No. 23-cv-03257-SVK, 2023 WL 5804156, at *3 (N.D. Cal. Sept. 7, 2023) (concluding that where "a sole plaintiff is a citizen of one state, and every single defendant . . . is effectively a citizen of no state . . . the Court lacks diversity jurisdiction"); *see also La. Mun. Police Emps. Ret. Sys. v. Wynn*, 829 F.3d 1048, 1056 (9th Cir. 2016) (concluding diversity jurisdiction was destroyed by presence of "stateless" individual); *Batista v. Doe Driver I*, No. 2:22-cv-01021-APG-VCF, 2022 WL 4329793, at *1 (D. Nev. Sept. 19, 2022) ("Although the citizenship of Doe defendants does not create diversity for removability, neither does it presumptively create it.").

In recent months, facing nearly identical circumstances, numerous district courts in this Circuit have reached the same conclusion. *See Roe DC 57 v. Doe*, No. CV 24-9542-GW-AGRx, 2025 WL 484809, at *3 (C.D. Cal. Feb. 13, 2025) ("These commands require the Court to remand the case until such time as there is at least one named defendant upon which Defendants could properly invoke federal diversity jurisdiction under the removal statute."); *Roe MG 60 v. Doe*, No. 24-cv-07666-RFL, 2025 WL 472291, at *2 (N.D. Cal. Feb. 11, 2025) ("Because this leaves Plaintiff a citizen of California and all defendants without citizenship, diversity is therefore lacking."); *Roe JB 84 v. Doe*, No. 24-cv-07608-EJD, 2025 WL 360356, at *1 (N.D. Cal. Jan. 31, 2025) ("Diversity is therefore lacking because it does not exist where one party possesses citizenship, and all opposing parties possess no citizenship." (internal quotation marks and citation omitted)); *Roe KL 66 v. Doe*, No. 24-cv-07661-AMO, 2024 WL 5264039, at *1 (N.D. Cal. Dec. 31, 2024) ("Diversity is therefore lacking because it does not exist where one party possesses citizenship, and all opposing parties possess no citizenship." (internal quotation marks and citation omitted)).

Among the numerous parallel cases pending in this Circuit, the Court is aware of two courts that have decided this issue differently.[2] *See Roe MB 69 v. Doe*, No. 8:24-cv-

---

[2] While a number of other district courts facing similar arguments have denied remand, each of those decisions either involved a non-fictitious defendant or failed to discuss § 1441(b)(1). *See Roe CF 85 v. Doe*, No. EDCV 24-2356-KK-DTBx, 2025 WL 478404 (C.D. Cal. Feb. 12, 2025) (no discussion of § 1441(b)(1)); *Roe RL 8 v. Church of Jesus Christ of Latter-Day Saints*, No. 5:24-cv-02149-SSS-SPx, 2025 WL 467489 (C.D. Cal.

02395-JVS-DFM, 2025 WL 415344 (C.D. Cal. Feb. 6, 2025); *Roe CS 88 v. Doe*, No. CV 24-11154-JFW(SSCx), 2025 WL 485121 (C.D. Cal. Feb. 13, 2025). In *Roe MB 69*, the court recognized the rule that the citizenship of fictitiously named defendants is to be disregarded and that "[d]iversity jurisdiction cannot exist where a lawsuit is between a plaintiff with citizenship, and all opposing parties who possess no citizenship." 2025 WL 415344, at *2. However, the court applied an "exception" to this rule that "allows doe defendants to be considered for jurisdictional purposes when 'the Plaintiff's description of doe defendants or their activities is specific enough to suggest their identity, citizenship, or relationship to the action.'" *Id.* (quoting *Gardiner Fam., LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015)). Applying this rule, the court concluded that the complaint had "specifically described all three doe defendants" such that it was not necessary to disregard them for purposes of determining diversity jurisdiction. *Id.* at *3. Similarly, in *Roe CS 88*, the court concluded that because the defendants were "known entities," they were not fictitious within the meaning of § 1441(b)(1), and their citizenship could not be ignored. 2025 WL 485121 at *3.

The district court split in these cases is reflective of a larger split in this Circuit. "While some courts find the language of § 1441 preclusive, others find a distinction exists between 'fictitious' and real party Does that requires greater scrutiny." *Johnson v. Starbucks Corp.*, 475 F. Supp. 3d 1080, 1083 (C.D. Cal. 2020) (citations omitted); *see also Rojas by and through Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1018-19 ("Despite the seemingly clear language of Section 1441(b) . . . districts throughout the

---

Feb. 11, 2025) (non-fictitious defendant); *Roe SR 3 v. Church of Jesus Christ of Latter-Day Saints*, No. 24-cv-07119-EJD, 2025 WL 339162 (N.D. Cal. Jan. 30, 2025) (non-fictitious defendant); *Roe LM 89 v. Doe*, No. CV 24-9350-JFW(BFMx), 2025 WL 212143 (C.D. Cal. Jan. 16, 2025) (no discussion of § 1441(b)(1)); *Roe AJ 1 v. Church of Latter-Day Saints*, No. 2:24-cv-02990-DC-DSK, 2025 WL 268882 (E.D. Cal. Jan. 14, 2025) (non-fictitious defendant); *Roe JW 142 v. Church of Jesus Christ of Latter-Day Saints*, No. EDCV 24-2150-KK-SPx, 2024 WL 5182415 (C.D. Cal. Dec. 20, 2024) (non-fictitious defendant).

Ninth Circuit have applied it in an inconsistent nature."); 13F C. Wright, et al., Fed. Prac. & Proc. Juris. § 3642 (3d ed. 2024) ("The seemingly simple language of Section 1441(b)(1) of the Judicial Code is not uniformly followed, however, when the Doe defendants are reasonably identifiable. In particular, Ninth Circuit district courts remain divided over whether 'the existence of Doe defendants, described with some specificity,' can destroy diversity in cases removed to federal court.").

Despite the concerns of those courts that have applied a "specificity" exception to § 1441(b)(1), this Court is of the opinion that such an exception is inconsistent with the removal statute. *See Tucker v. Royal Adhesives & Sealants, LLC*, No. 2:22-cv-09371-SPG-KS, 2023 WL 2666056, at *6 (C.D. Cal. Mar. 28, 2023) (Garnett, J.). The plain language of § 1441(b)(1) recognizes no exception to the command that fictitiously named defendants "shall be disregarded." *See, e.g., Rojas*, 538 F. Supp. 3d at 1023 ("This Court finds that not only is the plain language of Section 1441(b) clear in mandating that courts should disregard the citizenship of fictitious defendants when evaluating whether diversity jurisdiction exists on a motion to remand, but the legislative history corroborates and confirms this conclusion."); *Goldsmith v. CVS Pharmacy, Inc.*, No. CV 20-00750-AB (JCx), 2020 WL 1650750, at *4 ("[T]he Court finds that the clear language of 28 U.S.C. § 1441(b)(1) requires it to disregard the citizenship of the Doe Defendants at this stage."). Inquiry into the meaning of a statute's text "ceases when the statutory language is unambiguous and the statutory scheme is coherent and consistent." *Matal v. Tam*, 582 U.S. 218, 232 (2017) (internal quotation marks and citation omitted). Moreover, while several district courts have applied the exception, the Ninth Circuit has never sanctioned it; to the contrary, the Ninth Circuit has explained that the citizenship of fictitiously named defendants should be "disregarded for removal purposes and becomes relevant *only if and when* the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (emphasis added). Ninth Circuit case law also requires courts to "strictly construe[]" removal statutes and to resolve "any doubt about the right of removal . . . in favor of remand." *Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th

Cir. 2024) (citation omitted). Given that "Congress has already dictated a bright-line rule in the removal statute," *Roe MG 60*, 2025 WL 472291, at *2, the Court declines to apply the purported exception recognized in *Roe MB 69* and *Roe CS 88* and concludes that remand is required.

The fact that the fictitiously named Defendants are so named here because of a state statutory requirement does not compel a different result. *See* Cal. Code of Civ. Proc. § 340.1(k) (requiring that in cases brought by a plaintiff over the age of forty alleging childhood sexual assault, "a defendant shall be named by 'Doe' designation in any pleadings or papers filed in the action until there has been a showing of corroborative fact as to the charging allegations against that defendant"). While the *Roe CS 88* court cited § 340.1(k) in concluding that the Doe defendants "are not 'fictitious,'" 2025 WL 485121, at *3, the federal removal statute applies not simply to "fictitious" defendants, but to any "defendants *sued under fictitious names*," 28 U.S.C. § 1441(b)(1) (emphasis added). Thus, the statute distinguishes between defendants not based on whether they are truly fictitious, but on whether they are fictitiously named. As one court concluded, regardless of the reason that Defendants are fictitiously named, "[t]he removal statute *obligates* the Court to disregard 'the citizenship of defendants sued under fictitious names.'" *Geppert*, 2023 WL 5804156, at *2 (quoting 28 U.S.C. § 1441(b)(1)) (emphasis added). The *Roe CS 88* court warns that this interpretation "would permit state legislatures to exempt entire classes of defendants from federal diversity jurisdiction." 2025 WL 485121, at *3. However, even assuming this concern has merit, it would require a legislative solution. The Court is not persuaded to apply an exception that is inconsistent with the plain statutory language and Ninth Circuit precedent.

As other courts have noted, a remand order under these circumstances means that this case "is likely to be removed again once Plaintiff amends the Complaint in state court." *Roe DC 57*, 2025 WL 484809, at *4. However, while requiring a "trip to and from federal court" is less than ideal, it will not prejudice the parties since "the litigation will continue in the state court (where Plaintiff chose to file it) just as it would here." *Id.*; *see Roe MG*

*60*, 2025 WL 472291, at *3 (rejecting argument that remand would result in a "pointless round-trip to state court" because "the litigation will continue to proceed in state court . . . and discovery or other work done in state court will continue to advance the litigation even if the case later returns to federal court"). Moreover, allowing the "unique state procedures" outlined in California Code of Civil Procedure § 340.1 to occur in state court also "lends credence to remand." *Roe DC 57*, 2025 WL 484809, at *4.

In sum, the Court sees no reason to contravene the unambiguous requirements of 28 U.S.C. § 1441(b)(1) and, accordingly, GRANTS the Motion to Remand this action to state court.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion and REMANDS this action to Ventura County Superior Court. Given the Court's conclusion, Plaintiff's Motion for Leave to Proceed Anonymously (ECF No. 20) is struck as moot.

**IT IS SO ORDERED.**

DATED: March 4, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE